Deadebioic, Cb. J.,
delivered the opinion of the court:
The defendant was indicted in the circuit court of Franklin county, for an attempt to commit, bigamy. The indictment was, upon defendant’s motion, quashed, and the state appealed.
The indictment is founded upon sec. 4630 of the Code [Shannon’s Code, sec. 6471], which provides: “If any person assault another with intent to commit, or otherwise attempt to commit any felony or crime punishable by imprisonment in the penitentiary, where the punishment is not otherwise prescribed, he shall, on conviction, be punished by imprisonment in the penitentiary not ex *540 ceeding fire years, or by imprisonment in the county jail not more than one year, and by fine not exceeding five hundred dollars, at the discretion of the jury.”
Tire indictment charges that defendant, having a living wife, procured the consent of one Josephine Woods to marry him, and obtained license for the marriage, and a minister of the gospel to perform the ceremony; and taking his license, and accompanied by the minister, lie went to the house of the father of said Josephine, where she resided, with the intent to marry said Josephine, and then it B charged that by the means and in the manner aforesaid, defendant did unlawfully and feloniously attempt to commit the crime of bigamy, etc.
In the case of Jones v. The State, Quarles’ Digest, 61, which was a conviction under sec. 4-630 of the Code [Shannon’s Code, sec. 6471], for attempting to steal, Judge Nicholson construed the section as applying only to offenses against the person, and not to offenses against property. This construction derived strong support, in his opinion, from the fact that the chapter and article in which the section in question was found, was “devoted to crimes against the person.” [The said case of Jones v. State has been overruled, and the distinction between an attempt to commit offenses against the person and offenses against property has been exploded. See notes under sec. 6471 of tire Code.]
Bigamy is classed as a crime against “public morality and decency.” Code, cli. 8, art. 1 [secs. 4836-4843; Shannon’s Code, secs. 6757-6766]. Tet it may well be said to be a very great crime against the female who is the subject of the imposition and deceit, so all criminal acts are offenses against the public or the state, and such of them as are injurious to the person, as contradistinguished from property, are also offenses against the person.
To constitute an attempt to commit a crime, an intent to commit it must exist simultaneously with some act done *541 in furtherance of tire intent, and with, the purpose of consummating the contemplated crime. 1 Bish. Cr. L., secs. 365-6; 1 Tins, on Or., 4-6.
So it is said in 1 Bish. Or. L., sec. 689, that to incite a servant to steal his master’s goods, and to make overtures to one to commit adultery, where it is a statutory felony, is an attempt to commit a felony, and such acts are indictable misdemeanors, though the person approached declines to comply; and in sec. 690, it is said, in Connecticut, where adultery is a felony, an unsuccessful solicitation to commit it is an indictable attempt. See, also, 1 Buss, on Or., 46-7.
In this case, there was not only solicitation to the bigamous marriage, but upon the consent of the female being obtained, other and further preparations were made, in the procuring of the marriage license from the proper officer and obtaining a minister to solemnize the marriage, and going to the house of the confiding woman for the purpose of effecting and accomplishing the criminal purpose, in company with the minister, when, by some developments, the woman was saved from the terrible consequences of this atrocious and deliberately planned outrage.
We are of opinion, therefore, that the oSense contemplated was one covered by sec. 4630 of the Code [Shannon’s Code, sec. 6471], and that if bare solicitation to commit adultery is, in law, an attempt to commit that offense, so the facts alleged in this case make a case of an attempt to commit bigamy.
Reverse the judgment, and remand the cause for trial.